WOLFE, Appellee,

v.

**LAWRENCE COUNTY JOINT VOCATIONAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant,**

**Lawrence County Vocational Teachers' Association, OEA/NEA, et al., Appellants and Cross–Appellees,**

v.

**Lawrence County Joint Vocational School District Board of Education, Appellee and Cross–Appellant.**

[Cite as *Wolfe v. Lawrence Cty. Joint Vocational School Dist. Bd. of Edn.,* 150 Ohio App.3d 50, 2002-Ohio-6067.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

Nos. 02CA2 and 02CA3.

Decided Nov. 1, 2002.

J. Rick Brown, for Lawrence County Joint Vocational School District Board of Education, appellant in case No. 02CA2 and appellee and cross-appellant in case No. 02CA3.

Cloppert, Latanick, Sauter, & Washburn, William J. Steele, Susan Hayest Kozlowski and Rory P. Callahan, for Lawrence County Vocational Teachers'

Association, OEA/NEA, et al., appellees in case No. 02CA2 and appellants and cross-appellees in case No. 02CA3.

HARSHA, Judge.

{¶ 1} This is a consolidated appeal from a judgment of the Lawrence County Court of Common Pleas that upheld in part and reversed in part the decision of the board to implement a reduction in teacher work force because of declining student enrollment.[1] In case No. 02CA2, the board asserts that the trial court erred in finding that it improperly reduced the teacher work force in programs that did not suffer a loss in student enrollment, and in finding that no loss of "program specific" funding occurred. In case No. 02CA3, the Lawrence County Teachers' Association ("the association") argues that although the collective bargaining agreement provides for a reduction in force under certain financial conditions, these conditions do not exist in this case. In addition, the association asserts that there must be a decline in the enrollment of a specific program before a reduction can be made in that particular program and that the reduction must be reasonable. Last, the association claims that R.C. 3319.17 applies only to teachers with continuing contracts and is inapplicable to limited contract teachers. The board asserts that R.C. 3319.17 and the collective bargaining agreement authorized it to make a reasonable reduction in teachers where a reduction in students results in less funding available to run the school. It also asserts the purported errors it assigned in case No. 02CA2 as assignments of error in the board's cross-appeal in case No. 02CA3. Because we conclude that both R.C. 3319.17 and the collective bargaining agreement authorized the board to reduce personnel due to declining enrollment, we hold that the board was empowered to suspend the contracts of the teachers in this case. We also conclude that the board's reduction was reasonable and that the reduction in force applies to teachers with either a continuing or a limited contract.

{¶ 2} In September 2001, Joyce Blazer, Treasurer of the Lawrence County Joint Vocational School, discovered that there was a significant decrease in the number of students attending in the district for the 2001–2002 school year. She notified and met with the superintendent of the school district, Perry Walls, and a representative of the Ohio Department of Education, to determine the financial impact of the decrease in enrollment of approximately 55 students. They determined that the decrease in enrollment resulted in a loss of revenue of $331,000. The board held a special board meeting and authorized Walls to notify personnel of possible reductions. The board also instructed Walls to make

---

1. Two separate appeals were filed from the trial court's judgment entry. However, for purposes of efficiency, we have consolidated the appeals for decision and judgment.

recommendations at the next board meeting concerning where the reductions should occur.

{¶ 3} In November 2001, the board accepted Walls's recommendations and voted to eliminate or combine several programs. As a result, the board displaced eight teachers and suspended their contracts.

{¶ 4} Janice Wolfe, one of the displaced teachers, filed a complaint in the Lawrence County Court of Common Pleas, requesting a preliminary injunction and an order enjoining the board from terminating or suspending her contract. Two days later, the association filed a complaint on behalf of the remaining displaced teachers, seeking a temporary restraining order, preliminary injunction, and an order from the court preventing the board from implementing the reduction in force. After combining the cases for hearing, the trial court denied the claims of three of the teachers and granted the claims of the other five. The trial court concluded that each individual program that was eliminated must have suffered a decrease in enrollment or a loss of "program-specific" money in order for the reduction to be valid.

{¶ 5} In case No. 02CA2 the board appeals, assigning the following errors[2]: "FIRST ASSIGNMENT OF ERROR—The trial court erred in holding that cross-appellant Board of Education improperly reduced in force in programs which did not suffer loss of enrollment. SECOND ASSIGNMENT OF ERROR—The trial court erred in holding that there was no loss of program-specific state or federal funding for the 2001–2002 school year." In case No. 02CA3, the association appeals, raising two assignments of error: "FIRST ASSIGNMENT OF ERROR—The trial court erred as a matter of law by sustaining the reduction in force and/or layoff implemented by the Board of Education of appellants Adkins, French and Holliday. SECOND ASSIGNMENT OF ERROR—The trial court erred as a matter of law by sustaining the reduction in force of limited contract teachers under Ohio Revised Code section 3319.17."

{¶ 6} In order to resolve this matter, we must review the terms of the collective bargaining agreement that expired on July 1, 2001. Since the parties were still negotiating the terms of a new contract, they agreed to continue to operate under the old agreement until they approved a new one. The construction of a contract presents us with a question of law, which we review de novo. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus.

{¶ 7} Article 19.01 of the collective bargaining agreement provides: "The Lawrence County Joint Vocational School Board of Education is authorized by

---

**2.** These two errors also appear as assignments of error in the board's cross-appeal in case No. 02CA3.

Section 3319.17 of the Ohio Revised Code to reduce the number of teachers employed by the district in four (4) specified situations: (1) *Where there has been a decline in pupil enrollment;* (2) Where regular teachers have returned from a leave of absence; (3) Where school has been suspended; or (4) Where there have been school territorial changes affecting the district. The Board may *also* reduce the number of teaching positions when the elimination of a program or a reduction in the number of persons teaching within a program is called for due to the *loss of program-specific* state or federal funding." (Emphasis added.)

{¶ 8} At the hearing, Walls testified that the school experienced a decrease of about 55 students, or approximately a 14 percent decline in enrollment. A decline in enrollment is clearly a reason that the board may use to suspend personnel contracts. See, also, *Phillips v. S. Range Local School Dist. Bd. of Edn.* (1989), 45 Ohio St.3d 66, 543 N.E.2d 492, syllabus. However, the parties disagree whether there must be a decrease in enrollment in the particular program that is eliminated. We hold that it does not. Nothing in the collective bargaining agreement or in R.C. 3319.17[3] indicates an intent to require school boards to reduce only the specific programs that have lost students. In contrast, both the collective bargaining agreement[4] and R.C. 3319.17 give the board broad discretion in determining what will be a reasonable reduction. See R.C. 3319.17(B) and *Toledo Fedn. of Teachers v. Toledo Bd. of Edn.* (July 30, 1982), Lucas App. No. L–82–058, 1982 WL 6525. A reasonable reduction is left to the judgment of the board of education. 1962 Ohio Atty.Gen.Ops. No. 2935.

{¶ 9} The collective bargaining agreement incorporates the provisions contained in R.C. 3319.17, and also includes an additional financial reason that the board may use as a basis to implement a reduction in force. Had the parties intended to limit a reduction in force to only those programs that had lost "program-specific" funding, they could have expressly done so. They did not reference a "program-specific" decline under the first of the four "specified situations" referenced in the agreement. However, they did include the term "program-specific" in the additional situation that justifies a reduction in force, i.e., loss of program-specific funding. By its express terms, the "program-specific" restriction on the board's discretion applies to the latter situation but not to the former.

---

**3.** R.C. 3319.17(B) provides: "When, for any of the following reasons * * *, the board decides that it will be necessary to reduce the number of teachers it employs, it may make a reasonable reduction: * * * (2) In the case of any * * * joint vocational school district, decreased enrollment of pupils in the district[.]"

**4.** The collective bargaining agreement states: "When the Board of Education decides, for any of the above reasons, that it is necessary to reduce the number of teachers, they may make a *reasonable reduction at the discretion of the Board.*" (Emphasis added.)

{¶ 10}  Moreover, while it would be reasonable to reduce the programs that have suffered a loss of students, this is not the only rational approach to reductions in force.  In this instance, the parties were operating under a "bumping" system, in which a teacher that is displaced may choose to "bump" a teacher in another area with less seniority, so long as the bumping teacher is certified in that particular area.  The effect of this process is that the board may decide to eliminate a program, which, through a series of "bumps," results in a teacher from an entirely different program being displaced.  Thus, there may be no direct correlation between the program eliminated by the board and the resulting teacher that is displaced.  Moreover, school boards, not courts, are in the best position to determine what programs are the most valuable to the students and to the school district.  In this instance, the board chose to eliminate some programs that had suffered a loss of enrollment and some that had not.  We cannot say that this was unreasonable given the circumstances facing the board.

{¶ 11}  The association also contends that R.C. 3319.17 does not apply to teachers with limited contracts.  We disagree.  R.C. 3319.17 allows the board of education to use its discretion in suspending contracts, regardless of whether they are classified as limited or continuing.  This provision is separate and distinct from R.C. 3319.11, which allows the board to non-renew a limited contract.  When faced with a limited contract, the board may choose to proceed under either statute by suspending the limited contract under R.C. 3319.17 or non-renewing the limited contract under R.C. 3319.11.  *Zolton v. Norton City School Bd. of Edn.* (Oct. 29, 1986), Summit App. Nos. 12524 and 12525, 1986 WL 12346; *Strock v. Barberton City School Dist. Bd. of Edn.* (June 2, 1982), Summit App. No. 10516, 1982 WL 5035.  In effect, R.C. 3319.17 is an alternative means to non-renewal.  We conclude that the board of education properly applied R.C. 3319.17 to both continuing and limited contracts.

{¶ 12}  Based on the foregoing discussion, we hold that the board's first assignment of error in case No. 02CA2 and its first assignment of error in its cross-appeal in case No. 02CA3 have merit.  The remainder of the board's assignments of error are rendered moot.  The association's assignments of error in case No. 02CA3 have no merit.  Accordingly, we reverse that part of the trial court's judgment that granted the claims of teachers Adkins, French, and Holliday and remand with instructions to enter judgment in favor of the board.  The remainder of the judgment is affirmed.

Judgment affirmed in part,
reversed in part
and cause remanded.

PETER B. ABELE, P.J., and EVANS, J., concur.